INGRAHAM, J,
—The commissioner of jurors, although appointed by the mayor under section 106 of the consolidation act, is not the head of a department, within section 48 of that act. The office does not relate to the municipal government of the city of New York, is no part of the legislative or executive government of the city, and is in no sense, a department of the city government Section 48 of the consolidation act, upon which the relator relies, is a part of chapter"3 of the act. Chapter 2, is entitled, “Corporate Powers and Their Distribution.” And section 34, after providing0for the legislative and executive departments, enumerates the other departments of the city or New York of which the commissioner of jurors is not one. Chapter 3 is entitled, “General Provisions, Powers and Limitations Applicable to the Departments and Officers;” and section 48 is entitled, “The Heads of Departments; Control Over Subordinates; Removals.” It is clear that this section relates only to departments constituted by chapter 2. Tiiis distinction is recognized in section 106 of the consolidation act, which prescribes the duties of the mayor. His power to appoint the commissioner does not come under the power given to him to appoint the head of a department. He has, in addition to that power, the power to appoint the commissioner of jurors; and, by section 1664 of the consolidation act, the commissioner of jurors is given the express power from time to appoint, and at pleasure remove, his assistants, clerks, and messengers.
We think it clear, therefore, that the respondent had power to remove the relator at any time, at pleasure and without cause. The proceeding, therefore, must be dismissed, with $50 costs.
All concur.